| | |
|---|---|
| **MARK B. FROST & ASSOCIATES** | Attorneys for Plaintiffs |
| BY: Mark B. Frost | |
| BY: Ryan M. Lockman | |
| Pier 5 at Penn's Landing | |
| 7 N. Columbus Blvd. | |
| Philadelphia, PA 19106 | |
| 215-351-3333 | |

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| MARIA ORTIZ, on behalf of | : | |
| The Estate of JORGE E. RIVERA, and | : | |
| MARIA ORTIZ, an adult, | : | |
| on behalf of J.R., a minor, | : | |
|     Plaintiffs, | : | CIVIL ACTION |
| | : | NO. 11-2300 |
|     v. | : | |
| | : | |
| CITY OF CAMDEN, | : | **JURY TRIAL DEMANDED** |
| | : | |
| NEW JERSEY STATE POLICE, | : | |
| | : | |
| CAMDEN COUNTY PROSECUTOR'S | : | THIRD AMENDED COMPLAINT |
| OFFICE, | : | |
| | : | |
| TROOPER DENNIS QUINN, | : | |
| In his Individual and Official Capacity, | : | |
| | : | |
| INVESTIGATOR PETER LONGO | : | |
| In his Individual and Official Capacity, | : | |
| | : | |
| INVESTIGATOR THOMAS DINUNZIO | : | |
| In his Individual and Official Capacity, and | : | |
| | : | |
| JOHN DOES #1-5, in their | : | |
| Individual and official capacities, | : | |
|     Defendants. | : | |

**CIVIL ACTION – COMPLAINT**

    Plaintiff Maria Ortiz, on behalf of the Estate of Jorge E. Rivera and on behalf of her son,

J.R., and by and through her attorneys, Mark B. Frost & Associates, hereby brings this Complaint against Defendants Camden County, New Jersey State Police, the Camden County Prosecutor's Office, Trooper Dennis Quinn, Investigator Peter Longo, Investigator Thomas DiNunzio, and John Does #1-5, and avers as follows:

## INTRODUCTION

1. This case arises out of the death of Jorge E. Rivera during the course of his arrest by Defendants Quinn, Longo, and DiNunzio. As a result, Plaintiff Maria Ortiz brings this action on behalf of the Estate of Jorge E. Rivera under 42 U.S.C. 1983 and state law claims. Additionally, Plaintiff Ortiz also brings this action on behalf of J.R., the minor child of Jorge E. Rivera.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343(3) and the aforementioned statutory and constitutional provisions.

3. Jurisdiction lies over state law claims based on the principles of supplemental jurisdiction, as codified at 28 U.S.C. § 1367.

4. The amount in controversy exclusive of interest and costs exceeds the sum of one hundred thousand ($100,000.00) Dollars.

5. All claims herein arose within the jurisdiction of the United States District Court for the District of New Jersey and involve Defendants who reside within the jurisdictional limits. Venue is accordingly invoked pursuant to the dictates of 28 U.S.C. § 1391(b) and (c).

**PARTIES**

6. Plaintiff Maria Ortiz is an individual citizen of the State of New Jersey, residing therein at 120 Elm St., Apt Q4, Edgewater Park, NJ 08010.

7. Plaintiff Maria Ortiz is the Administrator and Administrator Ad Prosequendum of the Estate of Jorge E. Rivera.

8. Plaintiff Maria Ortiz is also the parent and guardian of J.R., a minor.

9. J.R., whose suit is being brought by his mother and guardian, Plaintiff Maria Ortiz, is an individual citizen of the State of New Jersey, residing therein at 120 Elm St., Apt Q4, Edgewater Park, NJ 08010.

10. Defendant City of Camden is an incorporated municipality of the State of New Jersey with municipal offices located 520 Market Street, Camden, New Jersey, 95120. At all times material herein, the City of Camden owned, operated, managed, directed and controlled the City of Camden Police Department.

11. Defendant New Jersey State Police is a governmental entity with headquarters located at River Rd (Rt. 175), West Trenton, NJ 08628.

12. Defendant Camden County Prosecutor's Office is a governmental agency with a main office located at 25 North Fifth Street Camden, New Jersey 08102-1231.

13. Defendant Trooper Dennis Quinn at all times material was a Trooper for the New Jersey State Police, which is located at River Rd (Rt. 175), West Trenton, NJ 08628.

14. Defendant Investigator Peter Longo at all times material was an Investigator for the Camden County Prosecutor's Office, which is located at 25 North Fifth Street Camden, New Jersey 08102-1231.

15. Defendant Investigator Thomas DiNunzio at all times material was an Investigator for the Camden County Prosecutor's Office, which is located at 25 North Fifth Street Camden, New Jersey 08102-1231.

16. Defendants John Does 1-5 are police officers for the Camden Police Department, the New Jersey State Police, and/or Camden County Prosecutor's Office, whose identities are currently unknown to Plaintiffs. At all times material herein, Defendants John Does #1-5 were acting under color of state law and are being sued in both their individual and official capacities.

## FACTS

17. On or about April 22, 2009, in Camden, New Jersey, Jorge E. Rivera was sitting outside with friends when they were approached by Defendants Quinn, Longo, and DiNunzio ("Police Officers", "Officers", or "Individual Defendants").

18. Upon seeing the Police Officers, Rivera's friends immediately fled the scene. Rivera remained at the scene, not fleeing or posing any danger to any Officer.

19. As the officers were approaching, Rivera attempted to swallow a small plastic bag that was in his possession. As he was attempting to swallow said bag, Rivera was attacked by the Officers.

20. Said officers grabbed Rivera, who was not attempting to escape, and proceeded to shove and kick him on the ground for no legitimate reason. As a result of the attack, Rivera suffered from severe bruises on his head and face.

21. Said officers restrained and handcuffed Rivera, yet they still continued to attack Rivera by striking him in the head and body with their hands and feet, even though Rivera was not resisting arrest and posed no threat to them.

22. Because Rivera was restrained, handcuffed and being attacked, he was unable to remove the plastic bag, which then became lodged in his throat.  Subsequently, since Rivera could not remove the bag, he was unable to breathe.  Furthermore, the officers, seeing the bag become lodged in Rivera's throat, took no action to remove it.

23. During their attack, the Officers continued to attack Rivera despite his difficulty in breathing.  Due to his choking combined with the beating by the Defendants, Rivera became unconscious and subsequently fell and hit his temple on the stoop outside.

24. Even after Rivera was unconscious and his body was slumped down on the ground, said officers still continued to attack him.

25. Finally, only after a crowd gathered did said Officers halt their attack and send the unconscious Rivera to Cooper University Hospital in Camden, NJ.

26. Rivera was pronounced dead at Cooper University Hospital.  The official cause of death was determined to be asphyxiation from Rivera's attempt to swallow the small plastic bag in his possession.

27. The officers' intentional attack on Rivera and use of excessive force caused the plastic bag to become lodged in Rivera's throat, causing him to asphyxiate and die.

28. On or about August 20, 2009, Plaintiffs filed a Notice of Tort Claim against the Camden Police Department, the Camden County Prosecutor's Office, and the New Jersey State

Police. A copy of this Notice of Tort Claim is attached hereto, incorporated by reference, and labeled, Exhibit "A".

## COUNT I
## PLAINTIFF V. DEFENDANTS QUINN, LONGO, DINUNZIO, AND JOHN DOES #1-5
## VIOLATIONS OF 42 U.S.C. 1983

29. Plaintiff incorporates by reference the preceding allegations of this Complaint as though each were individually set forth herein at length.

30. Without any justification or provocation, Individual Defendants, acting under color of law, willfully and maliciously attacked Jorge E. Rivera. Such acts constituted a grossly disproportionate and excessive use of force and a violation of Rivera's clearly established constitutional rights.

31. Further, Individual Defendants provided inadequate medical attention to Rivera's serious medical needs with regard to his asphyxiation and subsequent death.

32. These actions of the Individual Defendants, through the aforesaid actions, were intentional, deliberately indifferent and reckless with respect to the potential violation of Rivera's constitutional rights.

33. The aforesaid acts of Individual Defendants shock the conscience and constitute an unnecessary, wanton infliction of harm for no good faith purpose.

34. As a direct and proximate result of the aforesaid acts of Individual Defendants, Jorge E. Rivera suffered death, severe bodily injury, pain, emotional distress, humiliation, embarrassment, loss of pleasure and enjoyment of life, lost wages, lost wage earning capacity, and all other damages set forth above.

35. Accordingly, as Administrator and Administrator Ad Prosequendum of the estate of Jorge E. Rivera, Plaintiff Ortiz is entitled under N.J. Stat. 2A:15-3 ("Survivor Act") to recover for the damages suffered by Jorge E. Rivera pursuant to the cause of action set forth above, as well as reasonable funeral and burial expenses.

WHEREFORE, Plaintiff, as administrator of the estate of Jorge E. Rivera, demands judgment against Defendants in an amount in excess of One Hundred Thousand Dollars ($100,000) plus interest, costs, attorney's fees and punitive damages.

## COUNT II
### PLAINTIFF V. DEFENDANTS CITY OF CAMDEN, NEW JERSEY STATE POLICE, AND CAMDEN COUNTY PROSECUTOR'S OFFICE
### VIOLATIONS OF 42 U.S.C. 1983

36. Plaintiff incorporates by reference the preceding allegations of this Complaint as though each were individually set forth herein at length.

37. Defendants City of Camden, New Jersey State Police and/or Camden County Prosecutor's Office failed to properly train and supervise the Defendant Police Officers with regard to excessive use of force. Further, Defendants City of Camden, New Jersey State Police and/or Camden County Prosecutor's Office failed to properly train and supervise the Defendant Police Officers with regard to providing medical attention to those in police custody, as well as the awareness and prevention of sudden in-custody death syndrome.

38. Defendants City of Camden, New Jersey State Police and/or Camden County Prosecutor's Office's failure to train was the cause and moving force behind the actions

of the Defendant Officers resulting in the aforesaid injuries to and death of Jorge E. Rivera.

39. As a direct and proximate result of the Defendants, Plaintiff suffered grievous bodily harm and was deprived of his rights under the laws and Constitution of the United States, in particular, the Fourth Amendment to the United States Constitution, the due process clause of the United States Constitution, and 42 U.S.C. §1983, and was further in violation of the Statutes of the State of New Jersey.

40. As a direct and proximate result of the aforesaid acts of Individual Defendants, Jorge E. Rivera suffered death, severe bodily injury, pain, emotional distress, humiliation, embarrassment, loss of pleasure and enjoyment of life, lost wages, lost wage earning capacity, and all other damages set forth above.

41. Accordingly, as Administrator and Administrator Ad Prosequendum of the estate of Jorge E. Rivera, Plaintiff Ortiz is entitled under the Survivor's Act to recover for the damages suffered by Jorge E. Rivera pursuant to the cause of action set forth above, as well as reasonable funeral and burial expenses.

WHEREFORE, Plaintiff, as administrator of the estate of Jorge E. Rivera, demands judgment against Defendants in an amount in excess of One Hundred Thousand Dollars ($100,000) plus interest, costs, attorney's fees and punitive damages.

## COUNT III
### PLAINTIFF V. DEFENDANTS QUINN, LONGO, DINUNZIO, AND JOHN DOES #1-5
### VIOLATIONS OF 42 U.S.C. 1985

42. Plaintiff incorporates by reference the preceding allegations of this Complaint as though each were individually set forth herein at length.

43. Individual Defendants conspired together for the purpose of denying Rivera the equal protection of the laws and constitution of the United States.

44. As a direct and proximate result of the aforesaid acts of Individual Defendants, Jorge E. Rivera suffered death, severe bodily injury, pain, emotional distress, humiliation, embarrassment, loss of pleasure and enjoyment of life, lost wages, lost wage earning capacity, and all other damages set forth above.

45. Accordingly, as Administrator and Administrator Ad Prosequendum of the estate of Jorge E. Rivera, Plaintiff Ortiz is entitled under the Survivor's Act to recover for the damages suffered by Jorge E. Rivera pursuant to the cause of action set forth above, as well as reasonable funeral and burial expenses.

WHEREFORE, Plaintiff, as administrator of the estate of Jorge E. Rivera, demands judgment against Individual Defendants in an amount in excess of One Hundred Thousand Dollars ($100,000) plus interest, costs, attorney's fees and punitive damages.

## COUNT IV
### PLAINTIFF V. DEFENDANTS QUINN, LONGO, DINUNZIO, AND JOHN DOES #1-5
### VIOLATION OF THE NEW JERSEY CIVIL RIGHTS ACT - N.J.S.A. 10:6-2

46. Plaintiff adopts and incorporates by reference the above paragraphs of this Complaint as though each were individually set forth herein at length.

47. Individual Defendants used unreasonable and excessive force, thereby violating Plaintiff's rights under the laws and Constitution of the State of New Jersey, and in particular the New Jersey Civil Rights Act, N.J.S.A. 10:6-2.

48. Without any justification, reason, or provocation, Individual Defendants willfully and maliciously caused Plaintiff to suffer the injuries aforesaid.

49. Further, Individual Defendants provided inadequate medical attention to Rivera's medical needs with regard to his asphyxiation and subsequent death.

50. The acts committed by Individual Defendants shock the conscience and constitute intentional misconduct, excessive use of force and deliberate indifference to Plaintiff in violation of his constitutional rights as previously set forth in the aforementioned paragraphs.

51. As a direct and proximate result of the aforesaid acts of Individual Defendants, committed under color of law, Jorge E. Rivera suffered death, severe bodily injury, pain, emotional distress, humiliation, embarrassment, loss of pleasure and enjoyment of life, lost wages, lost wage earning capacity, and other damages.  Further, such mental distress and fright physically manifested itself in Jorge E. Rivera's inability to swallow the plastic bag he placed in his mouth, thus causing serious bodily harm and eventually leading to Rivera's death.

52. Such acts constituted a violation of the laws and Constitution of the State of New Jersey, in particular N.J.S.A. 10:6-2, and were further in violation of the Statutes of the State of New Jersey and the Constitution of the State of New Jersey.

53. Accordingly, as Administrator and Administrator Ad Prosequendum of the estate of Jorge E. Rivera, Plaintiff Ortiz is entitled under N.J. Stat. 2A:15-3 ("Survivor Act") to recover for the damages suffered by Jorge E. Rivera pursuant to the cause of action set forth above, as well as reasonable funeral and burial expenses.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount in excess of One Hundred Thousand Dollars ($100,000) plus interest, costs, attorney's fees and punitive damages.

## COUNT V
### PLAINTIFF V. DEFENDANTS CITY OF CAMDEN, NEW JERSEY STATE POLICE, AND CAMDEN COUNTY PROSECUTOR'S OFFICE
### VIOLATION OF THE NEW JERSEY CIVIL RIGHTS ACT - N.J.S.A. 10:6-2

54. Plaintiff incorporates by reference the preceding allegations of this Complaint as though each were individually set forth herein at length.

55. Defendants City of Camden, New Jersey State Police and/or Camden County Prosecutor's Office, as a matter of policy and practice, have with deliberate indifference and/or negligence failed to adequately discipline, train or otherwise direct police officers concerning the rights of citizens, excessive use of force, and the providing of adequate medical attention to those in police custody, thereby causing the defendant officers in this case to engage in the unlawful conduct described herein.

56. The actions of Individual Defendants, acting under color of state law, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the State of New Jersey, and in particular the New Jersey Civil Rights Act, N.J.S.A. 10:6-2.

57. As a direct and proximate result of the aforesaid acts of Individual Defendants, Jorge E. Rivera suffered death, severe bodily injury, pain, emotional distress, humiliation,

-11-

embarrassment, loss of pleasure and enjoyment of life, lost wages, lost wage earning capacity, and all other damages set forth above.

58. Accordingly, as Administrator and Administrator Ad Prosequendum of the estate of Jorge E. Rivera, Plaintiff Ortiz is entitled under the Survivor's Act to recover for the damages suffered by Jorge E. Rivera pursuant to the cause of action set forth above, as well as reasonable funeral and burial expenses.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount in excess of One Hundred Thousand Dollars ($100,000) plus interest, costs, attorney's fees and punitive damages.

## COUNT VI
## PLAINTIFF v. QUINN, LONGO, DINUNZIO, AND JOHN DOES #1-5
## ASSAULT & BATTERY

59. Plaintiff incorporates by reference the preceding allegations of this Complaint as though each were individually set forth herein at length.

60. Through aforesaid attack of Jorge E. Rivera, Individual Defendants acted in concert with the intention to touch and cause harm to Rivera.

61. Individual Defendants did touch and cause harm to Jorge E. Rivera. Said harmful touching was not consented to by Jorge E. Rivera.

62. Individual Defendants' attack on Jorge E. Rivera was harmful and caused significant physical injuries to Jorge E. Rivera before his death, as set forth above.

63. Additionally, as the Individual Defendants began to attack Jorge E. Rivera, they caused Jorge E. Rivera's reasonable and imminent apprehension of bodily harm.

64. The above physical harm and imminent apprehension of harm also caused Jorge E. Rivera to suffer mental distress, fright, and fear of impending serious bodily harm and

death. Such mental distress and fright physically manifested itself in Jorge E. Rivera's inability to swallow the plastic bag he placed in his mouth, thus causing serious bodily harm and eventually leading to Jorge E. Rivera's death.

65. In sum, as a direct and proximate result of the aforesaid acts of the Individual Defendants, Jorge E. Rivera suffered death, severe bodily injury, pain, emotional distress, humiliation, embarrassment, loss of pleasure and enjoyment of life, lost wages, lost wage earning capacity, and all other damages set forth above.

66. Accordingly, as Administrator and Administrator Ad Prosequendum of the estate of Jorge E. Rivera, Plaintiff Ortiz is entitled under the Survivor's Act to recover for the damages suffered by Jorge E. Rivera pursuant to the causes of action set forth above, as well as reasonable funeral and burial expenses.

WHEREFORE, Plaintiff, as administrator of the estate of Jorge E. Rivera, demands judgment against Individual Defendants in an amount in excess of One Hundred Thousand Dollars ($100,000) plus interest, costs, attorney's fees and punitive damages.

## COUNT VII
## PLAINTIFF v. ALL DEFENDANTS
## WRONGFUL DEATH – N.J. Stat. 2A:31-1

67. Plaintiff incorporates by reference the preceding allegations of this Complaint as though each were individually set forth herein at length.

68. As a result of the aforesaid acts of all Defendants, minor J.R., Jorge E. Rivera's son, has lost the care, guidance, household services, financial support, and advice of Jorge E. Rivera, on which he depended prior to Jorge E. Rivera's death.

WHEREFORE, Plaintiff, on behalf of J.R., a minor, demands judgment against Defendants in an amount in excess of One Hundred Thousand Dollars ($100,000.00) plus interest, costs, attorney's fees and punitive damages.

## JURY TRIAL DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

Respectfully submitted,

**MARK B. FROST & ASSOCIATES**

BY: /s/ Ryan M. Lockman
Ryan M. Lockman
Attorneys for Plaintiffs

DATED: June 27, 2012

| | |
|---|---|
| **MARK B. FROST & ASSOCIATES** | Attorneys for Plaintiffs |

BY: Mark B. Frost
BY: Ryan M. Lockman
Pier 5 at Penn's Landing
7 N. Columbus Blvd.
Philadelphia, PA 19106
215-351-3333

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARIA ORTIZ, on behalf of | : | |
| The Estate of JORGE E. RIVERA, and | : | |
| MARIA ORTIZ, an adult, | : | |
| on behalf of J.R., a minor, | : | |
|    Plaintiffs, | : | CIVIL ACTION |
| | : | NO. 11-2300 |
|    v. | : | |
| | : | |
| CITY OF CAMDEN, | : | **JURY TRIAL DEMANDED** |
| | : | |
| NEW JERSEY STATE POLICE, | : | |
| | : | |
| CAMDEN COUNTY PROSECUTOR'S | : | CERTIFICATE OF SERVICE |
| OFFICE, | : | |
| | : | |
| TROOPER DENNIS QUINN, | : | |
| In his Individual and Official Capacity, | : | |
| | : | |
| INVESTIGATOR PETER LONGO | : | |
| In his Individual and Official Capacity, | : | |
| | : | |
| INVESTIGATOR THOMAS DINUNZIO | : | |
| In his Individual and Official Capacity, and | : | |
| | : | |
| JOHN DOES #1-5, in their | : | |
| Individual and official capacities, | : | |
|    Defendants. | : | |

## CERTIFICATE OF SERVICE

     I, Ryan Lockman, Esquire, hereby certify that on June 27, 2012, service of the Plaintiffs' Third Amended Complaint was effectuated upon counsel for New Jersey State Police and the City of Camden via ECF.

                                                  Respectfully submitted,

                                                  **MARK B. FROST & ASSOCIATES**

                                BY:    <u>/s/ Ryan M. Lockman</u>
                                                  Ryan M. Lockman
DATED: June 27, 2012                Attorneys for Plaintiffs