IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

<table>
<tr><td>

MARIA ORTIZ,
on behalf of the Estate of
JORGE E. RIVERA, and on
behalf of J.R., a minor,
     Plaintiffs,

v.

CITY OF CAMDEN, NEW JERSEY
STATE POLICE, CAMDEN COUNTY
PROSECUTOR'S OFFICE, TROOPER
DENNIS QUINN, INVESTIGATOR
PETER LONGO, INVESTIGATOR
THOMAS DINUNZIO, JOHN DOES
1-5, in their Individual and
Official capacities,

     Defendants.

CITY OF CAMDEN,

     Cross-Claimant,

v.

NEW JERSEY STATE POLICE and
JOHN DOES 1-5, in their
Individual and Official
capacities,

     Cross-Defendants.

</td><td>

CIVIL NO. 11-2300(NLH)(AMD)


**OPINION**

</td></tr>
</table>

**APPEARANCES:**

RYAN MARC LOCKMAN
MARK B. FROST
MARK FROST & ASSOCIATES
PIER 5 AT PENN'S LANDING
7 NORTH COLUMBUS BOULEVARD
PHILADELPHIA, PA 19106
    Attorneys for plaintiffs

JEAN SHARON CHETNEY
JAY J. BLUMBERG
Law Offices of Jay J. Blumberg, Esq.
158 DELAWARE STREET
P.O. BOX 68
WOODBURY, NJ 08096
      Attorneys for City of Camden

VINCENT J. RIZZO, JR.
OFFICE OF THE NJ ATTORNEY GENERAL
RJ HUGHES JUSTICE COMPLEX
25 MARKET STREET
PO BOX 112
TRENTON, NJ 08625-0112
      Attorney for New Jersey State Police and Dennis Quinn

JOHN C. CONNELL
JOHN PATRICK KAHN
ARCHER & GREINER P.C.
ONE CENTENNIAL SQUARE
HADDONFIELD, NJ 08033
      Attorneys for the Camden County Prosecutor's Office, Peter
      Longo, and Thomas DiNunzio


**HILLMAN**, District Judge

      In this case involving claims of excessive force by law

enforcement officers, presently before the Court is the motion of

defendants, the Camden County Prosecutor's Office, Peter Longo,

and Thomas DiNunzio, to dismiss plaintiffs' complaint against

them.  For the reasons expressed below, defendants' motion will

be granted in part and denied in part.

**BACKGROUND**

      Plaintiffs' complaint relates the following:  On April 22,

2009, in Camden, New Jersey, Jorge E. Rivera was sitting outside

with friends.  Police officers approached the group, Rivera's

2

friends ran away, but Rivera remained seated.  While Rivera attempted to swallow a small plastic bag, the officers grabbed Rivera, shoved him to the ground, and kicked him.  After they handcuffed and restrained him, the officers continued to kick and punch Rivera on his head and body.  During this encounter, Rivera began to choke on the bag, which had become lodged in his throat. The officers knew he was choking and unable to breathe, but they continued to beat him.  Even after he slumped over unconscious, the officers continued their attack.  Because of a gathering crowd, the officers finally halted their attack and sent Rivera to Cooper University Hospital.  He was pronounced dead upon arrival.  Rivera's cause of death was asphyxiation from the plastic bag in his throat.

Plaintiff, Maria Ortiz, is the administrator of Rivera's estate, and she is the mother of plaintiff, J.R., who is Rivera's minor son.  Plaintiffs claim that the defendants' use of excessive force on Rivera caused him to asphyxiate on the plastic bag, in addition to his suffering from their physical assault prior to becoming unconscious.  They have brought claims for violations of Rivera's civil rights under federal and state law, as well as for assault and battery and wrongful death.

Over the course of three amended complaints, plaintiffs have advanced their claims against the City of Camden, the New Jersey

State Police, New Jersey State Trooper Dennis Quinn, the Camden County Prosecutor's Office, and two investigators for the prosecutor's office, Peter Longo and Thomas DiNunzio.  The Camden County Prosecutor's Office, Longo, and DiNunzio have moved to dismiss plaintiffs' claims against them.  The prosecutor's office has moved to dismiss plaintiffs' claims against it because it is immune from suit under the principles of sovereign immunity. Plaintiffs do not dispute that their claims against the prosecutor's office, as well as claims against Longo and DiNunzio in their official capacities, should be dismissed on that basis. Plaintiffs do dispute, however, Longo and DiNunzio's motion to dismiss their claims because of plaintiffs' failure to properly serve them, and because of plaintiffs' failure to assert claims against them within the applicable statue of limitations. Plaintiffs argue that they properly served Longo and DiNunzio, and that their complaint is not barred by the running of the applicable statute of limitations.

**DISCUSSION**

**A.   Jurisdiction**

Plaintiffs have brought their claims pursuant to 42 U.S.C. § 1983, as well as pursuant to the New Jersey constitution and New Jersey state law.  This Court has jurisdiction over plaintiffs' federal claims under 28 U.S.C. § 1331, and supplemental

4

jurisdiction over plaintiffs' state law claims under 28 U.S.C. §
1367.

**B.   Analysis**

Plaintiffs' original complaint, filed on April 22, 2011,
named as defendants the City of Camden and "John Does #1 & #2 in
their individual and official capacities."  Their first amended
complaint was filed on June 10, 2011, and it did not add any new
parties.  On October 26, 2011, plaintiff's motion to file a
second amended complaint was granted, and that complaint added
the New Jersey State Police as a defendant.

On June 27, 2012, plaintiffs filed a third amended
complaint, without leave of court, and added the Camden County
Prosecutor's Office, Peter Longo, and Thomas DiNunzio as
defendants.[1]  After plaintiffs attempted to obtain a default
judgment against the Camden County defendants for their failure
to respond to the third amended complaint, on August 22, 2012,
counsel entered an appearance on their behalf, and filed a motion
to set aside the Clerk's entry of default.  Through conferences
with the Magistrate Judge, on October 23, 2012, it was agreed
that the default would be set aside, the third amended complaint

---

[1]Plaintiffs also added as a defendant New Jersey state trooper
Dennis Quinn.  On July 10, 2012, the New Jersey State Police and
Quinn filed an answer to plaintiffs' complaint, and lodged cross-
claims against the City of Camden and the Camden County
defendants.

deemed to have been filed on June 27, 2012, and the Camden County defendants would have 30 days to respond to the complaint.

The Camden County defendants have moved to dismiss plaintiffs' complaint against them on two grounds.[2]  First, defendants argue that plaintiffs' claims against them must be dismissed because plaintiffs never properly served them with their complaint.  Second, defendants argue that they were not named as defendants until a year and two months after the expiration of the statute of limitations, and that plaintiffs' claims cannot be saved by the fictitious party practice rule or the relation back rule.

Plaintiffs do not dispute that a two-year statute of limitations governs their claims, and that the statute of limitations ran on April 23, 2011.  See Cowell v. Palmer Twp.,

---

[2]When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005).  A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'"  Bell Atlantic v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").

263 F.3d 286, 291 (3d Cir. 2001) (noting § 1983 actions in New
Jersey are governed by a two-year statute of limitations);
N.J.S.A. 2A:14-2 (two-year statute of limitations for torts).
Plaintiffs argue that their naming of "John Doe" defendants in
their original complaint filed on April 22, 2011, within the
limitations period, preserves their claims against the Camden
County defendants because once they determined, through
discovery, the correct identities of the officers involved in
Rivera's death, they amended their complaint accordingly to
substitute the Camden County officers for the "John Doe"
defendants.  Relatedly, plaintiffs argue that their third amended
complaint "relates back" to their original complaint, and their
claims against the Camden County defendants are therefore deemed
to have been filed on April 22, 2011 when they filed their
original complaint.  With regard to service, plaintiffs argue
that they properly served DiNunzio and Longo.

   **1.   Whether plaintiffs' claims against the Camden County
         defendants are barred by the statute of limitations**

       As a primary matter, the fictitious party practice rule and
the relation back rule are both methods to add a defendant to a
case after the statute of limitations has run, but the rules are
distinct in their application.  "Relation-back is a way of
justifying the belated addition of a new claim or a new party.
Fictitious-party practice renders the initial filing against the

7

identified but unnamed defendant timely in the first instance,
subject only to diligent action by the plaintiff to insert
defendant's real name." <u>Greczyn v. Colgate-Palmolive</u>, 869 A.2d
866, 874 (N.J. 2005); <u>see also</u> <u>Viviano v. CBS, Inc.</u>, 503 A.2d
296, 304 (N.J. 1986) (explaining the differences between the
fictitious party practice rule and the relation back rule, and
noting that the requirements of the relation back rule "are not
an express prerequisite to recourse to" the fictitious party
practice rule).  As explained below, because the Court finds that
plaintiffs have satisfied the requirements of the fictitious
party rule, the Court does not need to undertake a Rule 15(c)
relation back analysis.[3]

---

[3]Rule 15(c) provides that an amendment to a pleading relates back
to the date of the original pleading in three instances:
    (A) the law that provides the applicable statute of
    limitations allows relation back;
    (B) the amendment asserts a claim or defense that arose
    out of the conduct, transaction, or occurrence set out
    — or attempted to be set out — in the original
    pleading; or
    (C) the amendment changes the party or the naming of
    the party against whom a claim is asserted, if Rule
    15(c)(1)(B) is satisfied and if, within the period
    provided by Rule 4(m) for serving the summons and
    complaint, the party to be brought in by amendment:
        (I) received such notice of the action that it
        will not be prejudiced in defending on the merits;
        and
        (ii) knew or should have known that the action
        would have been brought against it, but for a
        mistake concerning the proper party's identity.
Fed. R. Civ. P. 15(c)(1).

New Jersey Court Rule 4:26-4, which is applicable in federal court, see DeRienzo v. Harvard Industries, Inc., 357 F.3d 348, 353 (3d Cir. 2004) (citing N.J.S.A. 2A:14-2 and N.J. R. 4:26-4),[4] permits a plaintiff to amend his complaint to identify the proper party as long as a John Doe fictitious designation was included for that specific category of defendant.  See Yarchak v. Trek Bicycle Corp., 208 F. Supp. 2d 470, 489 (D.N.J. 2002) (citing Mancuso v. Neckles, 747 A.2d 255, 261 n.1 (N.J. 2000) and discussing N.J. Ct. R. 4:26-4) ("[T]he fictitious party rule permits a plaintiff to preserve a claim against as yet unidentified potential defendants who may have contributed to plaintiff's injuries.").  The Rule provides, in relevant part,

> In any action, irrespective of the amount in controversy, other than an action governed by R. 4:4-5 (affecting specific property or a res), if the defendant's true name is unknown to the plaintiff, process may issue against the defendant under a fictitious name, stating it to be fictitious and adding an appropriate description sufficient for identification.  Plaintiff shall on motion, prior to judgment, amend the complaint to state defendant's true name, such motion to be accompanied by an affidavit stating the manner in which that information was obtained. . . .

> N.J. Ct. R. 4:26-4.

———————————

[4]See also Bryan v. Associated Container Transp. (A.C.T.), 837 F. Supp. 633, 642-43 (D.N.J. 1993) (explaining that the federal rules do "not apply to preclude any relation back that may be permitted under the applicable limitations law," and that the application of New Jersey's fictitious party rule is permitted as long as a party meets the requirements of that rule).

There are three main elements to the proper application of the fictitious party rule.[5]  First, the fictitious name designation must have "an appropriate description sufficient to identify" the defendant.  N.J. Rule 4:26-4; Viviano, A.2d at 304. Second, the plaintiff must have exercised due diligence to ascertain the defendant's true name before and after filing the complaint.  DeRienzo, 357 F.3d at 353 (citing Farrell v. Votator Div. of Chemetron Corp., 299 A.2d 394, 396 (N.J. 1973); Claypotch v. Heller, Inc., 823 A.2d 844, 848-49 (N.J. 2003); Mears v. Sandoz Pharms., Inc., 693 A.2d 558, 561-63 (N.J. 1997)).  Third, the application of the fictitious party practice rule must not prejudice the defendant.  Id.

Plaintiffs here have satisfied all three elements.  With regard to the specificity of the fictitious party named in the complaint, plaintiffs originally named "John Does #1 & #2 in

---

[5]Because plaintiffs did not file a motion for leave to file the third amended complaint, and because the third amended complaint was deemed filed by agreement of the parties, the Court did not have the opportunity to determine the propriety of adding the Camden County defendants prior to their addition, which is the usual procedural posture of the fictitious party practice rule analysis.  Based on plaintiffs' arguments in opposition to defendants' motion to dismiss, the Court presumes that if plaintiffs had properly sought leave to add the Camden County defendants to the case, they would have affirmatively moved to do so pursuant to the fictitious party practice rule.  The only difference in the outcome between the procedurally proper course and the current course is that the Court would not have permitted the addition of the Camden County Prosecutor's Office from the outset.

their individual and official capacities."  The defendants they
have substituted for the "John Does" are Investigator Peter
Longo, in his individual and official capacity, and Investigator
Thomas DiNunzio, in his individual and official capacity.  It is
clear by the description of the John Doe defendants that
plaintiffs contemplated the addition of the police officers
involved in Rivera's death, but they did not know the identities
of those officers in order to specifically name them in their
original complaint.  Plaintiffs' fictitious party designation
meets the first requirement of the application of the rule.

Plaintiffs' due diligence in ascertaining the identities of
the Camden County defendants, which is the second element of the
fictitious party practice rule, is the primary basis on which
defendants have moved to dismiss plaintiffs' claims against them.
In August 2009, counsel for Rivera's mother, who is not a
plaintiff in this case, filed a notice of tort claim against the
Camden City Police Department, the New Jersey State Police, and
the Camden County Prosecutor's Office.  Defendants point out that
when plaintiffs filed their complaint on April 22, 2011 against
only the City of Camden, they referenced the tort claim notice in
the body of the complaint, including that it was served on the
New Jersey State Police and the Camden County Prosecutor's

Office.[6]  (See April 22, 2011 Compl. ¶ 24.)  Defendants argue
that plaintiffs therefore knew about Camden County's possible
involvement in the Rivera incident at least as of the drafting
and filing of their complaint on April 22, 2011.  Defendants
contend that not only did plaintiffs not name the Camden County
Prosecutor's Office as a defendant then, they failed to make any
diligent inquiries into its involvement until they filed their
third amended complaint over a year later.  Defendants argue that
plaintiffs have clearly failed to satisfy the due diligence
requirement.

     In her opposition, plaintiff Ortiz explains in an affidavit
that she was unaware that Rivera's mother hired an attorney and
that he filed a tort claim notice at that time.[7]  Plaintiff
states that she believed that the City of Camden was involved in
Rivera's death, but she was not aware of the other parties

_____

[6]The complaint states that the tort claims notice is attached as
"Exhibit A," but the exhibit is not filed on the docket.

[7]Defendants argue that plaintiff Ortiz is changeable with knowing
about the tort claims notice and its mention of the Camden County
Prosecutor's Office in 2009.  Moreover, they seek to strike
plaintiff's affidavit as improper because it contains information
not within her personal knowledge.

     The fictitious party practice rule requires plaintiff to
file "an affidavit stating the manner in which that information
[about the true name of the defendant] was obtained."  N.J. Ct.
R. 4:26-4.  The Court finds that Ortiz's affidavit complies with
the rule and will not be struck.  The effect of the tort claims
notice is discussed above.

involved.  Once discovery revealed, through a New Jersey State
Police Investigation Report, that DiNunzio and Longo were
involved, she filed an amended complaint to specifically name the
officers.

The Camden County defendants make a valid, common sense
argument.  Plaintiffs or their current counsel, or both, knew as
of April 22, 2011 that another lawyer sent a tort claims notice
to the Camden County Prosecutor's Office, and based on that
knowledge, they should have at least named the Camden County
Prosecutor's Office as a defendant, and then have inquired more
diligently into the names of the officers involved.  The Camden
County defendants fault plaintiffs for waiting to uncover
DiNunzio and Longo's identities through standard written
discovery requests, which took a year to do.

"The New Jersey Supreme Court has instructed that [the
district] court should broadly interpret the diligence
requirement to one of a 'good faith' effort by plaintiff to
determine the fictitious party's identity." Prystowsky v. TGC
Stores, Inc., 2011 WL 3516174, *4 (D.N.J. 2011) (citing Farrell,
299 A.2d at 396) (other citation omitted).  Sufficient diligence
is determined on a case-by-case basis.  Carroll v. Setcon
Industries, Inc., 2012 WL 3229159, 5-6  (D.N.J. 2012) (citing
DeRienzo, 357 F.3d at 354 (finding sufficient diligence even

though plaintiff was "thwarted in his investigation by misinformation from government witnesses"); <u>Prystowsky</u>, 2011 WL 3516174, at *4 (determining that sending subpoenas, investigating potential defendants, and taking depositions constituted diligence despite ensuing delays); <u>Matynska v. Fried</u>, 175 N.J. 51 (N.J. 2002) (reasoning that plaintiff's failure to ascertain defendant's name from plaintiff's own hospital records constituted a lack of diligence); <u>Mears</u>, 693 A.2d at 631–32 (finding lack of sufficient diligence where "a simple inquiry at the job site" would have revealed defendant's name)).

Here, even though plaintiffs were not tenacious in their quest to identify the officers involved in Rivera's death, their efforts are sufficient to meet the due diligence requirement.  As a primary matter, plaintiffs' apparent knowledge that a tort claims notice was sent to the Camden County Prosecutor's Office by a prior attorney who has never represented plaintiffs in this case does not impose an obligation to name the Camden County Prosecutor's Office as a defendant in their original complaint.  Current counsel may not have had a good faith basis to name the Camden County Prosecutor's Office as a defendant because neither he, nor his client, knew for certain that the office was involved in the incident.  Moreover, as plaintiffs concede, the Camden County Prosecutor's Office is not a proper defendant and was

14

subject to dismissal whether it was named as a defendant in April 2011 or June 2012.  Additionally, the tort claims notice did not give plaintiffs or counsel any indication of the names of the Camden County Prosecutor's Office investigators involved. Indeed, the notice stated that the identities of the officers involved were "unknown."

Rivera died in the City of Camden in an incident not involving Camden City police, but rather a New Jersey state trooper and two Camden County Prosecutor's Office investigators. Recognizing that they did not know the names of the officers involved in Rivera's death, plaintiffs preserved their place as defendants by naming them "John Doe" until their true names were discovered.  Once their initial document requests were received and the names of the officers involved were revealed, plaintiffs amended their complaint.  The fictitious party practice rule "does not require exhaustion of every possible avenue of discovery" before a plaintiff can be found to have exercised due diligence in ascertaining the true identity of a defendant. Davis v. Egbert, 2010 WL 99113, 4 (D.N.J. 2010) (citing DeRienzo, 357 F.3d at 356).  Accordingly, plaintiffs did enough in this case to meet their due diligence obligation.

Finally, the third requirement of the application of the fictitious party practice rule, and "a crucial factor," Claypotch

15

v. Heller, Inc., 823 A.2d 844, 848 (N.J. Super. Ct. App. Div. 2003), is whether the defendants will be prejudiced by the delay in adding them to the case.  A newly named party suffers some prejudice by being exposed to potential liability, but "the New Jersey courts focus on the loss of evidence/witnesses and impairment of the ability to defend."  Williams v. Hurlings, 2011 WL 3890976, *5 (D.N.J. 2011).  Factors considered in determining whether a defendant is prejudiced by the delay in filing the amendment include "destruction or alteration of evidence after the initial discovery process, frustration of attempts at subsequent examination, or witness unavailability or memory lapse due to delay."  DeRienzo, 357 F.3d at 356.

Ultimately, "even though a defendant suffers some prejudice merely by the fact that it is exposed to potential liability for a lawsuit after the statute of limitations has run, absent evidence that the lapse of time has resulted in a loss of evidence, impairment of ability to defend, or advantage to plaintiffs, justice impels strongly towards affording the plaintiffs their day in court on the merits of their claim." Claypotch, 823 A.2d at 850 (citations and quotation omitted).

In this case, the Camden County defendants have not argued that they are prejudiced by plaintiffs' delay in adding them as defendants.  Other than having to defend their conduct and

16

potentially face individual liability, they have not expressed that the delay has caused a loss of evidence or witnesses, or otherwise impaired their ability to defend themselves against plaintiffs' claims.[8]  In the absence of prejudice, reliance or unjustifiable delay, "[j]ustice impels strongly towards affording the plaintiffs their day in court on the merits of their claim." Viviano, 503 A.2d at 302.

Thus, because (1) plaintiffs properly pleaded fictitious party defendants in their original complaint that was filed before the expiration of the statute of limitations, (2) they have demonstrated sufficient due diligence in ascertaining the true names of the Camden County defendants, and (3) no prejudice to defendants has been shown, plaintiffs' claims against DiNunzio and Longo, in their individual capacities, are not barred by the statute of limitations, and their motion to dismiss on this basis must be denied.

---

[8]Although the tort claim notice may be construed as a factor that weighs against plaintiffs' due diligence, it also could be construed to weigh against prejudice to the Camden County defendants because the Camden County Prosecutor's Office acknowledged receipt of the notice regarding a claim against it for Rivera's death.  Of course, this does not evidence that DiNunzio and Longo received notice of their potential liability for Rivera's death, but it is not too much of a stretch to presume that the officers involved in an incident resulting in a suspect's death would generate litigation.

**2.   Whether plaintiffs' claims against the Camden County defendants should be dismissed for improper service**

Defendants DiNunzio and Longo argue that plaintiffs' third amended complaint should be dismissed because plaintiffs did not properly serve them.  Defendants argue that the rules require that plaintiffs personally serve them with the complaint, but plaintiffs only effected service on "Angie Slane," who was the receptionist at the Camden County Prosecutor's Office, and who was not an authorized agent for service.  Because plaintiffs have never properly served them, and service was due by October 25, 2012, the complaint should be dismissed.

In response, plaintiffs show an affidavit of service by the process server, who represents that Ms. Slane was authorized to accept service, and that the third amended complaint and summonses were successfully served on DiNunzio and Longo on July 11, 2012.  To the extent that service is deemed insufficient, plaintiffs request that leave be afforded to them to allow defense counsel to accept service on DiNunzio and Longo's behalf, or to enable them to re-serve the complaint properly.

Proper service is an essential step in establishing a district court's personal jurisdiction over the defendants. Chiang v. U.S. Small Business Admin., 331 Fed. Appx. 113, 115, (3d Cir. 2009).  The Federal Rules of Civil Procedure provide that a party may be served by "following state law for serving a

18

summons" or by (1) "delivering a copy of the summons and of the
complaint to the individual personally," (2) "leaving a copy of
each at the individual's dwelling," or (3) "delivering a copy of
each to an agent authorized by appointment or by law to receive
service."  Fed. R. Civ. P. 4(e).  New Jersey's service rules
provide that service shall be personally served: "Upon a
competent individual of the age of 14 or over, by delivering a
copy of the summons and complaint to the individual personally,
or by leaving a copy thereof at the individual's dwelling place .
. . , or by delivering a copy thereof to a person authorized by
appointment or by law to receive service of process on the
individual's behalf."  N.J. Ct. R. 4:4-4(a)(1).

    The Federal Rules require that a plaintiff must serve the
summons and complaint upon a defendant within 120 days of filing
the complaint, but if "a defendant is not served within 120 days
after the complaint is filed, the court--on motion or on its own
after notice to the plaintiff--must dismiss the action without
prejudice against that defendant or order that service be made
within a specified time.  But if the plaintiff shows good cause
for the failure, the court must extend the time for service for
an appropriate period."  Fed. R. Civ. P. 4(m).

    This Circuit has equated good cause with the concept of
excusable neglect.  <u>Chiang</u>, 331 Fed. Appx. at 115 (citing

19

Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1312 (3d Cir. 1995)).  To show good cause, a plaintiff must be able to show "[1] good faith on the part of the party seeking an enlargement and [2] some reasonable basis for noncompliance within the time specified in the rules."  Spence v. LaHood, 2012 WL 2076838, 4 (D.N.J. 2012) (quoting MCI Telecomms. Corp., 71 F.3d at 1097) (other citations omitted).  In seeking to establish good cause, courts may also consider (1) the reasonableness of plaintiff's efforts to serve, (2) the prejudicial impact that lack of timely service has had on the defendant, and (3) whether the plaintiff moved for an enlargement of the time to serve.  Id. (citation omitted).

To the extent that plaintiffs' service of process was deficient because "Angie Slane" was not an authorized agent to accept service on DiNunzio and Longo's behalf, and because plaintiffs did not serve them personally or at their homes, the Court finds that plaintiffs did not properly serve defendants within 120 days of filing their third amended complaint.  The Court also finds, however, that good cause exists, based on the factors listed above, for that failure.  In so finding, Rule 4(m) requires that plaintiffs be afforded a reasonable time to properly serve defendants.  Accordingly, defendants' motion to dismiss plaintiffs' complaint for improper service will be

denied, and plaintiffs are directed to serve defendants in accordance with the rules within 20 days.[9]

## CONCLUSION

For the reasons expressed above, plaintiffs' claims against the Camden County Prosecutor's Office, Thomas DiNunzio in his official capacity, and Peter Longo in his official capacity, shall be dismissed.  Plaintiffs claims against DiNunzio and Longo in their individual capacities may proceed once they have been properly served.


Date: <u>April 29, 2013</u>                    <u>  s/ Noel L. Hillman  </u>
At Camden, New Jersey                    NOEL L. HILLMAN, U.S.D.J.

---

[9]If plaintiffs' third amended complaint were dismissed against DiNunzio and Longo for improper service of process, it would be dismissed without prejudice.  At that point, plaintiffs could then file a motion for leave to add DiNunzio and Longo as defendants, either under the fictitious party practice rule since the third amended complaint still contains "John Doe" defendant placeholders, or pursuant to Rule 15(c).  At least with regard to the fictitious party practice rule, the case would end up in the same procedural posture as it stands now, as long as plaintiffs then properly served the complaint.  Thus, a dismissal for improper service would be without any practical effect, other than to further delay the case.  Second, the Court notes that as an alternative to personally serving DiNunzio and Longo, plaintiffs may follow N.J. Ct. R. 4:4-4(c) for optional mailed service, or request that defendants waive service pursuant to Fed. R. Civ. P. 4(d).